UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| EDDIE LEE WILSON, AND CHESTER JACKSON, SR., A/N/F CHESTER JACKSON, JR., <br><br>*Plaintiff*, <br><br>v. <br><br>ROBERT RILEY BAUCOM, DEPUTY JOHN K. BENNETT, SHERIFF THOMAS NORSWORTHY, CITY OF CALDWELL, AND BURLESON COUNTY, <br><br>*Defendants*. | § § § § § § § § § § § § § § § §   NO. 1:20-cv-00311-RP <br><br>JURY DEMANDED |

**PLAINTIFF CHESTER JACKSON'S MOTION TO COMPEL SUPPLEMENTAL DISCOVERY**

Plaintiff brings this his Motion to Compel Supplemental Dsicovery and would respectfully show as follows:

**EXCEPTIONAL CIRCUMSTANCES EXIST RELATING TO PLAINTIFF'S MOTION TO COMPEL SUPPLEMENTAL DISCOVERY.**

Plaintiff has discovered thorugh an independent inquiry that Defendant, Deputy John K Bennett was terminated due to his criminal conduct based on an alleged theft charge, disposition unknown. Bennett is the defendant in the case

alleged to have illegally arrested Chester Jackson.

In addition, defendant and fact witness Sheriff Thomas Norsworthy was forced to resign since Chester Jackson's allegations were based on his criminal conduct in his attempt to harass and compel sex the female employees sexually. Plaintiff requested additional time to conduct discovery. The Motion was denied. Although the Motion was denied, written discovery was propounded. Plaintiff requested production of documents to Burleson County, "40. Produce any and all documents showing any crime of moral turpitude or felony regarding any fact witness, you listed in your disclosures or in discovery responses," no documents responsive to this request related to Bennett or Norsworthy were produced. Plaintiff was unaware any documents existed at the time of the request for production or at the time of the request to reopen discovery.

Plaintiff became apprised of these facts since the motion had been decided; however, Plaintiff is not seeking to reurge the motion rather compel the supplemental disclosure of this important information to the claims and defenses in this case.

The abrupt separation of the Burleson County law enforcement officers occurred during the course of this litigation. The information the defendant Burleson County and Bennett failed to disclose goes to the credibility of the

witnesses and their testimony, specifically the affidavits outlined in the responses to summary judgment and any trial testimony if the case reaches the trial stage.

Beyond the essential duty to supplement disclosures, Plaintiff requested discovery on the subject from the defendant Burleson County; it failed to produce documents responsive to the request that would put Plaintiff on notice that the unfavorable employment separations occurred. As a result, there were no means available to Plaintiff to gain the details or know the responses were deficient at the time received.

> Additionally, former Deputy Defendant Bennett has a qualified immunity defense pending as part of his dispositive motion. It is well settled that a qualified immunity defense

Plaintiff requested supplements to discovery and disclosure to gain facts related to the separation of employment that the plaintiff understands to be criminal in nature but nothing more that was denied.

Only after the request did Burleson County provide any indication that Bennett was a "former deputy." See [Dkt 73, pg 3,¶-*Request for Extension*]. The plaintiff needs this information despite any outcome of the summary judgment the information is needed as the individuals are witnesses in the case.

For the foregoing reasons, Plaintiff respectfully requests the court compel

the supplementation of the disclosures and written discovery to the defendant since exceptional circumstances exist relating to the plaintiff's being unable to discover the concealed information relating to the criminal conduct of Bennett through other means until late in the case thus the motion to compel supplemental discovery is warranted and necessary.

> Respectfully Submitted
> By: /S/U.A. Lewis
>
> U. A. Lewis
> State Bar No. 24076511
> Federal Bar No. 1645666
> P. O. Box 27353
> Houston, TX 77227
> Telephone: (713)570-6555
> Facsimile: (713) 581-1017
> PLAINTIFF'S LEAD ATTORNEY

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiff conferred with Counsel for Burleson County, Joanna Lippman Salinas, on September 2, 2021, and she has indicated Burleson does not intend to supplement the disclosures or discovery request.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument has been sent to all interested counsel of record and defendants via permissible means on September 14, 2021.

*/s/* U.A. Lewis
U.A. Lewis