# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| EDDIE LEE WILSON, AND CHESTER JACKSON, SR., A/N/F CHESTER JACKSON, JR., § § § | | |
| Plaintiffs, § | | |
| V. § | A-20-CV-311-RP | |
| § | | |
| ROBERT RILEY BAUCOM, DEPUTY JOHN K. BENNETT, SHERIFF THOMAS NORSWORTHY, CITY OF CALDWELL, AND BURLESON COUNTY, § § § § § § | | |
| Defendants. § | | |

## ORDER

Before the court is Plaintiff Chester Jackson's Motion to Compel Supplemental Discovery (Dkt. #84), filed shortly after the undersigned recommended dismissal of Plaintiffs' claims against Bennett and Burleson County. As a response from Defendants is unnecessary, the court **DENIES** the motion for the reasons below without waiting for a response.

Plaintiffs contend they previously requested additional time to conduct discovery, which was denied.[1] Nonetheless, they propounded written discovery to Burleson County, which included the request to "Produce any and all documents showing any crime of moral turpitude or felony regarding any fact witness, you listed in your disclosures or in discovery responses." Dkt. #84 at 2. Plaintiffs contend no documents related to former Deputy Bennett or former Sheriff Norsworthy were produced.

Plaintiffs now contend they have discovered through an independent inquiry that Bennett was "terminated due to his criminal conduct based on an alleged theft charge, disposition

---

[1] The motion was denied because Plaintiffs failed to offer any explanation of what additional discovery was needed or why they waited to move for additional time for discovery until seven weeks after discovery closed. Dkt. #67.

1

unknown." Dkt. #84 at 1. Plaintiffs further contend "defendant and fact witness Sheriff Thomas Norsworthy was forced to resign since Chester Jackson's allegations were based on his criminal conduct in his attempt to harass and compel sex the female employees sexually."[2] Dkt. #84 at 2. Plaintiffs contend the information Bennett and Burleson County "failed to disclose goes to the credibility of the witnesses and their testimony, specifically the affidavits outlined in the responses to summary judgment and any trial testimony if the case reaches the trial stage." Dkt. #84 at 3. Plaintiffs further contend that "[o]nly after the request did Burleson County provide any indication that Bennett was a "former deputy." See [Dkt 73, pg 3,¶-*Request for Extension*]." Dkt. #84 at 3.

In his Original Answer, filed May 22, 2020, Bennett denied that he was currently a deputy. Dkt. #25 at ¶ 2. If Plaintiffs only realized this on September 3, 2021 when Docket Entry 73 was filed, the fault is entirely theirs.

Plaintiffs do not explain how the information sought is relevant to evaluate the "affidavits outlined in the responses to summary judgment" since neither Bennett nor Norsworthy filed summary judgment affidavits. Further, the court recommended dismissal of the claims against Bennett based solely on video evidence, a recorded 911 call, and medical records.

Nor is it clear how this information would be relevant at trial. Although Plaintiffs pleaded that "Norsworthy has been served and responded to the claims against him," Dkt. #53 (Third Amd. Compl.) at ¶ 4, there is no return of service with respect to him or Answer from him in CM/ECF. Although Plaintiffs contend he was a policymaker for Burleson County, they did not allege that he had any direct interaction with Jackson while Jackson was at the jail. The only claim that the undersigned did not recommend dismissal of is the excessive force claim against Officer Baucom,

---

[2] This sentence does not make sense but seems to refer to Plaintiffs' allegation that "Norsworthy resigned after allegations of sexual harassment of his employees at the Burleson County Sheriff's Office." Dkt. #53 (Third Amd. Compl.) at ¶ 98. Obviously, Plaintiffs learned of this sometime before they filed their Third Amended Complaint on April 20, 2021.

but there is no indication from the record that either Norsworthy or Bennett were witnesses to that incident.

Nonetheless, should either Norsworthy or Bennett be called as witness at a trial, Plaintiffs may question them on these topics, subject to the court's rulings on any objections. However, Plaintiffs are now seeking to compel Defendants to comply with an untimely, generic, discovery request, which was served without leave of court. Although Plaintiffs now contend there may be specific documents responsive to the untimely request, they still have offered no explanation for why such a generic request could not have been timely served.

Accordingly, the motion is **DENIED**.

SIGNED September 17, 2021.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE