IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| EDDIE LEE WILSON, AND CHESTER JACKSON, SR., A/N/F CHESTER JACKSON, JR.<br>　　　Plaintiffs,<br><br>VS.<br><br>ROBERT RILEY BAUCOM, DEPUTY JOHN K. BENNETT, SHERIFF THOMAS NORSWORTHY, CITY OF CALDWELL, AND BURLESON COUNTY<br>　　　Defendants. § § § § § § § § § § § § § § § | CIVIL ACTION NO. 1:20-cv-00311-RP |

## JOHN K. BENNETT'S MOTION TO QUASH TRIAL SUBPOENA

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES JOHN K. BENNETT and files this Motion to Quash Trial Subpoena and would respectfully show the Court as follows:

### I.

On September 30, 2021, summary judgment was granted in favor of John K. Bennett with respect to all claims asserted against him in the above-referenced matter, and he was dismissed as a party in this lawsuit. The undersigned represented Mr. Bennett in this litigation.

After 3 p.m. on October 11, 2021, the undersigned received at her office a FedEx envelope containing a document entitled: SUBPOENA TO APPEAR AND TESTIFY AT A HEARING OR TRIAL IN A CIVIL ACTION. *Exhibit A.* The document was directed to John K. Bennett, c/o counsel's office, and it instructed him to appear in Judge Robert Pittman's courtroom on October 12, 2021. *Id.* It further directed the witness to bring with him "Any statements in your position *(sic)* made by Robert Riley Baucom, including any audio or videos recordings. Your Covid-19

vaccination card or PCR test showing negative result (required to enter the court)." *Id.* The document was signed by counsel for Plaintiff. *Id.*

## II.

Rule 45 of the Federal Rules of Civil Procedure governs the issuance of trial subpoenas to a non-party witness. A court must, on timely motion, quash or modify a subpoena if the subpoena (1) does not allow reasonable time to comply, (2) requires a person to comply with a subpoena beyond the geographic limits set under Federal Rule of Civil Procedure 45(c), (3) requires disclosing privileged or protected material and no exception or waiver applies, or (4) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). Additionally, a court may quash or modify a subpoena if the subpoena was not properly served. *See* Fed. R. Civ. P. 45(a)(4), (b).

The subpoena issued by Plaintiff must be quashed because it does not allow a reasonable time to comply. Fed. R. Civ. P. 45(d)(3)(A)(i). The notice was received by counsel after 3 p.m. on October 11, 2021, and it requests compliance the following day/today, on October 12. At no time prior to receipt of this document late yesterday afternoon were Mr. Bennett or his attorney aware that counsel for Plaintiff sought his attendance at trial. Counsel did not call, email, or otherwise communicate to the undersigned her desire to secure Mr. Bennett's attendance at trial, other than through the delivery of a FedEx envelope Monday afternoon. One day's notice to appear in court is not reasonable. Because Plaintiff failed to allow a reasonable time for compliance with the subpoena, it must be quashed.

Additionally, the subpoena subjects Mr. Bennett to an undue burden, and Plaintiff did not take reasonable steps to avoid imposing that undue burden. Fed. R. Civ. P. 45(d)(1), (3)(A)(iv). Factors to be considered when determining whether a subpoena poses an undue burden include the "relevance of the information requested" and "the need of the party" for the testimony. *Wiwa v.*

*Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). The procedural rules impose an affirmative burden on the party issuing a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Additionally, the court is expressly mandated to "enforce this duty and impose an appropriate sanction" if the attorney or party fails to comply. *Id.*

Mr. Bennett is a law enforcement officer employed by Blinn College. He is scheduled to work from 1 p.m. to 9 p.m. today and is the only law enforcement officer scheduled to be on patrol during his shift at the Blinn College District at RELLIS, located in Bryan, Texas. It is undisputed that Bennett was not in the Burleson County Jail at the time of, and thus did not witness, the incident that remains at issue in this litigation. The only aspect of Plaintiffs' Third Amended Complaint that relates to Mr. Bennett was with respect to claims and causes of action that have been dismissed. Counsel for Plaintiff was aware Mr. Bennett did not reside in the Austin area, that appearance at trial would require hours of driving, and that it would likely require at least a day's absence from his work. She was further aware that he was represented by counsel. Counsel for Plaintiff had the address, phone number and email address for Mr. Bennett's counsel, as a result of jointly participating in this litigation. Nonetheless, she made no effort to apprise counsel of her desire to secure Mr. Bennett's attendance at trial, other than through service of the subpoena the afternoon before compliance was sought. Plaintiff took no steps to avoid imposing an undue burden on Mr. Bennett.

Lastly, the subpoena was not properly served on Mr. Bennett, failing to comply with several aspects of the Federal Rules of Civil Procedure. Plaintiffs served the subpoena on his legal counsel, not directly on Mr. Bennett. This was not proper service under Federal Rule of Civil Procedure 45(b)(1), which requires "delivering a copy to the named person". *Harrison v. Prather*, 404 F.2d 267 (5th Cir. 1968). *See also, In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003); *Weiss v.*

*Allstate Ins. Co.*, 512 F.Supp.2d 463, 466 (E.D. La. 2007); *Bonnecaze v. Ezra & Sons, LLC*, No. 14-1774, 2016 WL 1268339 at *3-4 (E.D. La. 2016); *Morawski v. Farmers Texas County Mut. Ins. Co.*, No. 3:14-mc-21-D-BN, 2014 WL 717170 at *2 (N.D. Tex 2014).

The subpoena does not provide a time for compliance. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii)(subpoena must include a "specified time and place").

A subpoena that requires a person's attendance must include the fee for one day's attendance and mileage allowed by law. Fed. R. Civ. P. 45(b)(1). "The plain meaning of Rule 45(b)(1) requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena. The courts uniformly agree with this interpretation of rule 45(b)(1), as do the leading treatises on civil procedure." *In re Dennis*, 330 F.3d at 704-05 (internal quotations, modifications, and citations omitted)(upholding district court's granting of motion to quash on grounds that subpoenaing party failed to tender mileage fees). Neither the fee nor the mileage reimbursement was included with the subpoena issued to Mr. Bennett.

With respect to the documents sought by the subpoena, Mr. Bennett does not have custody or control of any responsive documents.

### III.

Plaintiffs' trial subpoena issued to Mr. Bennett should be quashed. The notice was served less than one day prior to the date on which compliance was sought; it would be an unreasonable burden on Mr. Bennett to comply; counsel made no effort to minimize or reduce the burden the subpoena would have on Mr. Bennett; and the subpoena failed to comply with several procedural requirements.

WHEREFORE, PREMISES CONSIDERED, John K. Bennett request the Court grant his Motion to Quash and release him from any obligations under the purported subpoena, and for such other and further relief, whether legal or equitable, general or special, to which he may be entitled.

Respectfully submitted,

**FLETCHER, FARLEY,
SHIPMAN & SALINAS, L.L.P.**
2530 Walsh Tarlton Lane, Suite 150
Austin, Texas 78746
(512) 476-5300
FAX (512) 476-5771

By: */s/ Joanna Lippman Salinas*
Joanna Lippman Salinas
State Bar No. 00791122
joanna.salinas@fletcherfarley.com
David I. Solomon
State Bar No. 24077361
david.solomon@fletcherfarley.com

Attorneys for Non-Party Witness,
*John K. Bennett*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Motion to Quash** has been provided to the offices of:

U.A. Lewis
**THE LEWIS LAW GROUP**
Okwudili Onyekwelu
99 Detering
Houston, Texas 77077

Archie Carl Pierce
Blair J. Leake
Stephen B. Barron
**WRIGHT & GREENHILL, P.C.**
900 Congress Avenue, Suite 500
Austin, Texas 78701

by Electronic Service, in accordance with the Federal Rules of Civil Procedure, on October 12, 2021.

/s/ Joanna Lippman Salinas
Joanna Lippman Salinas

**VERIFICATION**

STATE OF TEXAS

COUNTY OF TRAVIS

BEFORE ME, the undersigned Notary Public, on this day personally appeared Joanna Lippman Salinas, who being duly sworn by me on her oath said that she is the attorney for John K. Bennett, that she has read the above and foregoing motion, and that the statements contained therein are within her personal knowledge and are true and correct.

_____
JOANNA LIPPMAN SALINAS

SUBSCRIBED AND SWORN TO BEFORE ME, on the 12th day of October, 2021, to certify which witness my hand and official seal.

_____
Notary Public in and for The State of Texas
Name Printed: Tammy Hernandez
My Commission Expires: 1-11-25

[Notary Seal: TAMMY HERNANDEZ, Notary Public, STATE OF TEXAS, ID# 125162866, My Comm. Exp. Jan. 11, 2025]

# EXHIBIT A

AO 88  (Rev. 06/09) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
for the

| CHESTER JACKSON, SR. ET AL., | ) |
|---|---|
| *Plaintiff* | ) |
| | ) Civil Action No. 1:20-cv-00311-RP |
| ROBERT RILEY BAUCOM, ET AL. | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: John K. Bennett, c/o Fletcher, Farley, Shipman, & Salinas, L.L.P. 2530 Walsh Tarlton Ln, Ste. 150 Austin, TX 78746

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: 501 West 5th Street, Suite 5300, Austin, TX 78701 | Courtroom No.: Judge Robert Pittman |
| | Date and Time: 10/12/2021 |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

*Any statements in your position made by Robert Riley Baucom, including any audio or videos recordings.  Your Covid-19 vaccination card or PCR test showing negative result (required to enter the court).*

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Fed. R. Civ. P. 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: *10/08/2021*

CLERK OF COURT

OR

_____  _____
Signature of Clerk or Deputy Clerk    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  Chester Jackson, Sr.
Eddie Wilson a/n/f for Chester Jackson Jr.  , who issues or requests this subpoena, are: U.A. Lewis
99 Detering #104 Houston, TX 77007   myattorney@thelewislaw.com 713-570-6555 ext 5

AO 88  (Rev.06/09)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 1:20-cv-00311-RP

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88 (Rev. 06/09) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).