IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EDDIE LEE WILSON and ~~CHESTER JACKSON, SR.,~~ *as next friend of Chester Jackson, Jr.*, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:20-CV-311-RP |
| ROBERT RILEY BAUCOM, | § § § | |
| Defendant. | § § | |

# JURY CHARGE

**MEMBERS OF THE JURY**:

It is now time for you to be instructed on the law. First, I will give you general instructions that apply in every case. Then, I will give you specific rules of law that apply in this particular case. At that time, the parties will have the opportunity to present their closing arguments. Finally, I will explain the procedures you should follow in your deliberations and instruct you to begin your deliberations.

## I. INSTRUCTIONS FOR THE JURY

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

Do not let bias, prejudice, or sympathy play any part in your deliberations. All persons are equal before the law and must be treated as equals in a court of justice.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the Plaintiffs or the Defendant in arriving at your verdict.

## INSTRUCTION NO. 1

## BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE

Plaintiffs Eddie Lee Wilson and Chester Jackson, Sr., as next friend of Chester Jackson, Jr., have the burden of proving their case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiffs Eddie Lee Wilson and Chester Jackson, Sr. have failed to prove any element of their claim by a preponderance of the evidence, then it may not recover on that claim.

## INSTRUCTION NO. 2

## EVIDENCE

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Additionally, I remind you that anything you may have seen or heard during this trial other than testimony from witnesses and exhibits admitted into evidence should be disregarded.

## INSTRUCTION NO. 3

## WITNESSES

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

You are required to evaluate the testimony of a law enforcement officer as you would the testimony of any other witness. No special weight, either higher or lower, may be given to his or her testimony because he or she is a law enforcement officer.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

Certain charts and summaries have been shown to you solely to help explain a party's positions as to facts disclosed by the books, records, and other documents that are in evidence. Charts and summaries that have not been admitted are not evidence or proof of any facts. You must determine the facts from the testimony and admitted exhibits.

During the course of the trial, you have heard counsel make objections to evidence. It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. You should not draw any inference against an attorney or the client because the attorney has made objections.

I may have sustained objections to questions asked without permitting the witness to answer, or where an answer was made, may have instructed that the answer be stricken from the record and that you disregard it. You may not draw any inference from an unanswered question, nor may you consider testimony, which has been stricken in reaching your decision. Such items as I excluded from your consideration were excluded because they were not legally admissible as evidence. You must decide the case solely upon the admissible evidence before you.

In allowing testimony or other evidence to be introduced over the objection of any attorney, the Court does not indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all the witnesses and the weight and effect of all evidence.

You are instructed that anything you may have seen or heard outside this courtroom is not evidence and must be entirely disregarded.

## INSTRUCTION NO. 4

## LAWSUIT

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

## INSTRUCTION NO. 5

## EXCESSIVE FORCE CLAIM

Plaintiffs Eddie Lee Wilson and Chester Jackson, Sr., as next friend to Chester Jackson, Jr., bring this suit against Defendant under 42 U.S.C. § 1983, pursuant to which a person may sue for an award of money damages against anyone who, "under color" of state law intentionally violates another person's rights under the Constitution of the United States. A citizen has the constitutional right not to be subjected to objectively unreasonable excessive force while being held as a pretrial detainee. In this case, the parties have stipulated that Defendant acted "under color" of state law, and you must accept that fact as proved.

Plaintiffs Eddie Lee Wilson and Chester Jackson, Sr.'s sole claim against Defendant Robert Riley Baucom is that he violated Chester Jackson, Jr.'s Fourteenth Amendment constitutional right to be protected from excessive and unnecessary force. To recover damages for this alleged Fourteenth Amendment constitutional violation, Plaintiffs must prove by a preponderance of the evidence that:

1. Defendant Robert Riley Baucom purposely or knowingly used force against Chester Jackson, Jr. that was objectively unreasonable; and

2. Chester Jackson, Jr. suffered some harm as a result of Defendant Robert Riley Baucom's use of force.

To satisfy the first element, Plaintiffs Eddie Lee Wilson and Chester Jackson, Sr. must show Defendant Robert Riley Baucom purposely or knowingly applied force against Chester Jackson, Jr. That is, Defendant Robert Riley Baucom must have intended to throw Chester Jackson, Jr. Mere acts of negligence or accidental use of force will not violate the Constitution. However, Plaintiffs Eddie Lee Wilson and Chester Jackson, Sr. need not show that Defendant Robert Riley Baucom intended to cause harm to Chester Jackson, Jr.

To determine whether the force was objectively unreasonable, you must ask whether a reasonable officer possessing Defendant Robert Riley Baucom's knowledge of the circumstances at

the scene would have viewed the force as unreasonable or excessive. This must not be viewed with the 20/20 vision of hindsight, but you are not to be concerned with Defendant Robert Riley Baucom's actual state of mind.

You must also account for the legitimate interests that stem from the need to manage a facility in which individuals are detained, appropriately deferring to policies and practices that in the judgment of jail officials are needed to preserve internal order and discipline and to maintain institutional security.

When deciding whether the force was objectively unreasonable or excessive, you may consider the following nonexclusive factors: (1) the relationship between the need for the use of force and the amount of force used; (2) the extent of Chester Jackson Jr.'s injury; (3) any effort made by Defendant Robert Riley Baucom to temper or to limit the amount of force; (4) the severity of the security problem at issue; (5) the threat reasonably perceived by Defendant Robert Riley Baucom; and (6) whether Chester Jackson, Jr. was actively resisting.

If Plaintiffs Eddie Lee Wilson and Chester Jackson, Sr. have proved both of these elements by a preponderance of the evidence, then you will have found that Defendant Robert Riley Baucom violated Chester Jackson, Jr.'s Fourteenth Amendment rights and you must then consider whether Defendant Robert Riley Baucom is entitled to qualified immunity, which is a bar to liability that I will explain later. If Plaintiffs Eddie Lee Wilson and Chester Jackson, Sr. failed to make this showing, then the force was not unconstitutional, and your verdict will be for Defendant Robert Riley Baucom on this claim.

### INSTRUCTION NO. 6

### QUALIFIED IMMUNITY

If you find that Plaintiffs Eddie Lee Wilson and Chester Jackson, Sr. proved their excessive force claim under the Fourteenth Amendment, then you must consider whether Defendant Robert

Riley Baucom is entitled to what the law calls "qualified immunity." Qualified immunity bars a defendant officer's liability, even if he violated a plaintiff's constitutional rights. Qualified immunity exists to give government official breathing room to make reasonable but mistaken judgments about open legal questions. Qualified immunity provides protection from liability to all but plainly incompetent law enforcement officers, or those who knowingly violate the law. It is Plaintiffs Eddie Lee Wilson and Chester Jackson Sr.'s burden to prove by a preponderance of the evidence that qualified immunity does not apply in this case.

Qualified immunity applies if a reasonable officer could have believed that Defendant Robert Riley Baucom's interactions with Chester Jackson, Jr. were lawful in light of clearly established law and the information Robert Riley Baucom possessed at the time. But Defendant Robert Riley Baucom is not entitled to qualified immunity if, at the time of Robert Riley Baucom's actions, a reasonable officer with the same information that Robert Riley Baucom had could not have believed that his actions were lawful. Law enforcement officers are presumed to know the clearly established constitutional rights of individuals they encounter.

In this case, the clearly established law at the time was that causing an injury that was more than de minimus to a pretrial detainee like Chester Jackson, Jr. was unconstitutional. A de minimus injury is a trivial or negligible injury. For example, the following injuries have been found to be de minimus: (1) sore, bruised ear; (2) throwing an object from the medicine cart that hit plaintiff; (3) loss of breath and dizziness suffered when plaintiff was allegedly choked while an officer searched his mouth; and (4) bruises that lasted a few days. For example, the following injuries have been found to be more than de minimus: (1) a broken finger; (2) intense pain and continued tooth pain; (3) feeling pain while being kicked; and (4) malicious or sadistic use of force. The injury need not have been serious or significant.

If, after considering the scope of discretion and responsibility generally given to police officers in performing their duties, and after considering all of the circumstances of this case as they would have reasonably appeared to Defendant Robert Riley Baucom at the time he transported Chester Jackson, Jr. to a new jail cell, you find that Plaintiffs Eddie Lee Wilson and Chester Jackson, Sr. have failed to prove that no reasonable police officer could have believed that the manner in which Robert Riley Baucom transported Chester Jackson, Jr. to a new jail cell was lawful, then Robert Riley Baucom is entitled to qualified immunity, and your verdict must be for Defendant Robert Riley Baucom on those claims.

## INSTRUCTION NO. 7

## DAMAGES

If you find that Defendant Robert Riley Baucom is liable to the Plaintiffs Eddie Lee Wilson and Chester Jackson, Sr., then you must determine an amount that is fair compensation for Chester Jackson, Jr.'s compensatory damages. The purpose of compensatory damages is to make the plaintiffs whole—that is, to compensate Plaintiffs Eddie Lee Wilson and Chester Jackson, Sr. for the damage that Chester Jackson, Jr. suffered because of Defendant Robert Riley Baucom's wrongful conduct.

You may award compensatory damages only for injuries that Plaintiffs Eddie Lee Wilson and Chester Jackson, Sr. prove by a preponderance of the evidence were proximately caused to Chester Jackson, Jr. by the allegedly wrongful conduct of Defendant Robert Riley Baucom. An act is a proximate cause of injuries or damages if the evidence shows that the injury or damage was a reasonably foreseeable consequence of the conduct. The damages that you award must be fair compensation for Chester Jackson, Jr.'s damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant. You

should not award compensatory damages for speculative injuries, but only for those injuries Chester Jackson, Jr. has actually suffered or Chester Jackson, Jr. is reasonably likely to suffer in the future.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You may award damages for the bodily injury that Chester Jackson, Jr. sustained and any pain and suffering, including disability, disfigurement, mental anguish, and or loss of capacity for enjoyment of life that Chester Jackson, Jr. experienced in the past or will experience in the future as a result of the bodily injury. No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate Plaintiffs Eddie Lee Wilson and Chester Jackson, Sr. for the damage Chester Jackson, Jr. has suffered as a proximate cause of Defendant Robert Riley Baucom's alleged wrongful conduct. There is no exact standard for fixing the compensation to be awarded. Any award that you make must be fair in light of the evidence.

You may, in addition, award punitive damages if you find that Defendant Robert Riley Baucom acted with malice or with reckless indifference to the rights of others. A person acts with malice when that person purposefully or knowingly violates another's rights or safety. A person acts with reckless indifference to the rights of others when that person's conduct, under the circumstances, manifests a complete lack of concern for the rights or safety of another.

The purpose of punitive damages is to punish and deter, not to compensate. Punitive damages serve to punish a defendant for malicious or reckless conduct and, by doing so, to deter others from engaging in similar conduct in the future. You are not required to award punitive damages. If you decide to award punitive damages, you must use sound reason in setting the amount. Your award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed that Plaintiffs Eddie Lee Wilson and Chester Jackson, Sr., as next

friend to Chester Jackson, Jr., will be made whole by compensatory damages, so punitive damages should be awarded only if a defendant's misconduct is so reprehensible as to warrant the imposition of further sanction to achieve punishment or deterrence.

If you award punitive damages, the following factors should guide you in finding the proper amount:

(1) the reprehensibility of Defendant Robert Riley Baucom's conduct, including but not limited to whether there was deceit, cover-up, insult, intended or reckless injury, and

(2) the ratio between the punitive damages you are considering awarding and the amount of harm that was suffered by Chester Jackson Jr.

Nominal damages are an inconsequential or trifling sum awarded to a plaintiff, such as Chester Jackson Jr., when a technical violation of his rights has occurred but the plaintiff has suffered no actual loss or injury.

If you find from a preponderance of the evidence that Chester Jackson Jr. sustained a technical violation of his right to be free from excessive force but suffered no actual loss as a result of this violation, then you may award Chester Jackson Jr. nominal damages.

## II. STIPULATIONS

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

The parties have stipulated to the facts listed below:

1. Defendant Robert Riley Baucom was a licensed peace officer employed by the City of Caldwell Police Department, and he was acting under the color of law when he interacted with Chester Jackson, Jr.

2. Plaintiffs Eddie Lee Wilson and Chester Jackson, Sr. stipulate that Chester Jackson Jr.'s interaction with Defendant Robert Riley Baucom did not cause the anoxic brain injury that has resulted in Chester Jackson Jr.'s currently minimally conscious state.

### III. DUTY TO DELIBERATE

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will

respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

**SIGNED** this __14th__ day of __October__, 2021.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE